STATE *ex rel.* JOSEPH W. GIVENS, Appellant, v. PATRICK
M. STAED *et al.*, Respondents.

St. Louis Court of Appeals, December 21, 1897.

Conversion: EVIDENCE: INSTRUCTIONS. The refusal of instructions
predicated upon the theory of a conversion of personal property,
where there was no substantial evidence of a conversion of the prop-
erty, was not error.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

AFFIRMED.

*John F. Shepley* and *George C. Hitchcock* for
appellant.

Any taking or assumption of a right to control or
dispose of property constitutes a conversion. Any
wrongful act which negatives or is inconsistent with
the plaintiff's right is *per se* a conversion. *Warnick v.
Baker*, 42 Mo. App. 439; *Allen v. McGonagle*, 77 Mo.
478.

An officer must at all times determine, at his peril,
whether he is acting within the limits of the authority
conferred by his writ. When he goes beyond these
limits he is always responsible, irrespective of the
innocence of his intent. 2 Freem. on Ex., sec. 272;
*State ex rel. v. Koontz*, 83 Mo. 323; *State ex rel. v. Fitz-
patrick*, 64 *Id.* 185; *State ex rel. v. Hope*, 88 *Id.* 435;
*State ex rel. v. Rucker*, 19 Mo. App. 587.

*Laughlin, Tansey & Laughlin* for respondents.

BOND, J.—Relator sues the defendant and the
sureties on his official bond as sheriff of the city of St.

Louis, for an alleged conversion of certain personal property. The answer denies the conversion. It was shown on the trial that P. M. Staed, by virtue of an execution coming to him as sheriff, caused one of his deputies to take charge of the contents of the warehouse of the defendant in the process; that among the articles in the building at the time of the levy was a rockaway and appurtenances belonging to relator; that after the sale of the property under this writ, the said rockaway and another vehicle, neither being the property of the defendant in the writ, was stored by the deputy sheriff in a neighboring livery stable, he not knowing to whom they belonged, where they were afterward destroyed by fire. The case was submitted to the court without a jury, and a verdict rendered for defendant, from which plaintiff appealed.

The theory of the finding of the trial judge (as shown by the instructions refused and given) was that

CONVERSION: evidence: instructions.

there was no substantial evidence of a conversion. While the building containing the property was shut up by the officer, his statement is, "I levied upon the property of Charles R. Graves (defendant in the writ) in that building," thus showing that the property of relator was never subjected to seizure under the execution. The uncontradicted evidence of this witness is also that he inquired of the man at the building as to the ownership of the rockaway, and being unable to ascertain its owner, caused the man to take it for safe keeping to an adjacent livery stable; that no inquiry was made of the defendant in the writ "as Graves was not around there." Under this evidence there was no substantial proof of an assumption of ownership by the sheriff of the property of the relator inconsistent with the latter's rights. It does not even appear that the rockaway was levied upon by the officer. Furthermore, the evi-

dence is that he endeavored to find out who was its owner, and failing in that respect caused it to be stored for safe keeping in a proper place. The fact that he took a receipt as sheriff from the bailee, only tends to show by whom it was deposited. It in nowise tends to prove that he held it as amenable to the writ in his hands, since the evidence is that the sale under that writ had already taken place. Under this state of facts we do not think the circuit court erred in refusing the instructions of appellant predicated upon a theory of the conversion of the property. The judgment is affirmed. All concur.